W. P. VALENTINE v. DUNAGIN-WHITAKER COMPANY.

[59 South. 844.]

1. MORTGAGES. *Foreclosure. Sale. Failure to comply with bid. Conveyance to next highest bidder.*

Where the highest bidder at a foreclosure sale, made under a deed of trust, is given by the trustee until the following day in which to make good his bid, and then fails to do so, the trustee is without power to declare the person who made the next highest bid at the sale the purchaser of the property and execute to him a deed thereto.

2. SAME.

In such case in order to sell the property, the trustee must re-advertise it for sale as provided in the deed of trust.

APPEAL from the circuit court of Jones county.
HON. PAUL B. JOHNSON, Judge.

Suit by the Dunagin-Whitaker Company against W. P. Valentine. From a judgment for plaintiff, defendant appeals.

The appellant was the owner of certain property in Jones county, and executed a deed of trust to E. H. Whitaker, trustee, to secure an indebtedness due the appellee. Default having been made in the payment of said indebtedness, the trustee advertised same for sale and proceeded to sell it to satisfy the debt. At the sale one Whatley appeared and became the highest and best bidder, for the sum of three thousand, eight hundred and fifty dollars. After waiting until the next day, and What-

ley not being able or willing to pay the amount of his bid, the trustee executed and delivered a deed to appellee, the next highest bidder, for the sum of three thousand, eight hundred dollars. Appellee then instituted unlawful entry and detainer proceedings against appellant for the possession of the land in question, and recovered a judgment awarding him possession. From this judgment this appeal is prosecuted.

*Bullard & Gavin,* for appellant.

Conceding for the sake of argument that the sale was made at the proper place it was void for another reason; it was not made to the highest bidder. The highest bidder was Whatley. The power of the trustee was here limited also, the limitation being that he should sell at public auction to the highest bidder, and from this limitation of his power he could no more depart than from any other. The trustee on the day of sale sold to Whatley as the highest bidder but he did not sell for cash. He credited Whatley for two days, and on his failure to pay his bid sold it at private sale to the Dunagin-Whitaker Company who, again bear in mind was the *cestui que trust,* and made a deed on that day as shown by the acknowledgment, and dated it back to the date of the sale.

When the trustee accepted Whatley's bid and credited him until the day afterward, his power to sell to any other person then was gone. If it were not so the *cestui que trust* or mortgage would always have it in his power to prevent a sale to any other person, and buy the property himself at a ruinous sacrifice. He could at the sale, bid a small sum, have some one else bid more than the property would bring, and on his failure to make good the bid, then call upon the trustee for a deed under his, the next highest bid, when every one else would be powerless to bid more. If the trustee could thus go back to the next highest bid after the sale, he could sell to a

stranger at the same price; or he could go back to the next, and then the next on down to the lowest. Neither the parties to the trust deed nor the law, ever contemplated that the trustee should be clothed with such power as that.

The duty of the trustee in this situation is well stated in 27 Cyc. 1486, par. C, where it is said:

"Failure to comply with bid. The foreclosure purchaser cannot be compelled to complete his payment and accept a deed if he was deceived or misled as to the state of the title or as to the existence of other liens on the property, or if it is materially misdescribed in the notice of sale. But otherwise he is liable for the amount of his bid, which may be recovered in a proper suit against him; or if he is unable to comply with his bid the property may be put up for sale a second time. This may be done immediately, if the purchaser's refusal or inability is clearly manifested, and the necessity of advertising a second time or giving new notices may be avoided if the resale is made on the spot and before the bidders disperse, although otherwise there must be a new publication and evidence of the trustee's or mortgagee's continuing authority to make the sale." See, also, *Davis* v. *Hess,* 103 Mo. 31, 15 S. W. 324; *Hogan* v. *Lepetre,* 1 Port. (Ala.) 392; *Benard* v. *Duncan,* 38 Mo. 170, 90 Am. Dec. 416.

We think that no authority can be found which holds that the trustee may accept the highest bidder and then in the absence of an agreement to that effect, afterwards for any reason when the time for the sale has passed go back to the next highest bidder and deed him the property. Certainly not where the deed is made to the mortgagee without the consent of the mortgagor.

The case of *Maloney* v. *Webb,* 20 S. W. 683, relied on by the appellee in the court below, is not in point with this, and does not support the contention of appellee. In that case the highest bid at the sale was by Maloney,

the mortgagor. The mortgagee at the time warned him that it was a cash sale, and he, Maloney, said that if he had a little time he could get the money. The court then says: "It was agreed all round among the bidders and parties in interest that he should have one, two or three days to raise the money, and if he failed the property should go to the next highest bidder. He did fail to raise the money and the property was deeded to the next highest bidders." The court very properly held that Maloney, the party in whose interest the agreement was made, and who was a party to it, could not question the sale on that account. In the case at bar there was no such agreement. The trustee of his own volition credited Whatley and when Whatley failed to pay, without any authority deeded the property to the Dunagin-Whitaker Co. No court would uphold this.

*Shannon & Street,* for appellee.

It will be noted that the deed of trust required that the trustee execute a deed to the highest and best bidder, and that while Whatley was the highest bidder, he was not the highest and best bidder, since he was unable to make good his bid. So we contend that when the trustee executed a deed to Dunagin-Whitaker Company, he complied literally with the terms and stipulations of the deed of trust, in that he executed a deed to the highest and best bidder.

We have been unable to find a Mississippi case in point. So far as we know, there is none; but the reason for this seems to us perfectly sound and unanswerable. Any other rule would put it in the power of irresponsible bidders to run the price of property up at such sale and by becoming bidders themselves and then laying down on their bid, prevent the trustee from properly exercising the power given him. While we were unable to find a Mississippi case along the lines suggested, we have found two authorities from other states upholding our contention, one from Missouri and the other from Colorado.

The Missouri case is *Maloney* v. *Webb,* reported in 20 S. W. Rep. 683, where it is said that property sold under deed of trust for cash and the debtor bids the highest price therefor, which he is unable to pay, it is not error to sell to the next highest bidder. The court goes on to say, "If there is anything secret, unfair, collusive or oppressive in this sale, the evidence fails to disclose it. It seems to have been the desire of all parties that Maloney should have the property, if he could raise the means to discharge the incumbrance upon it. We cannot say that it was not a fair, open, public sale within its meaning. That it was not formally stricken off to the highest bidder misled nobody, was occasioned by the interposition of Maloney himself on a plea for time to make his bid good. He is in no position to complain of this technical informality. To sanction such a claim would be to put it in the power of debtors to defeat all trustee's sales of their property by the subterfuge of an unreliable bid."

The Colorado case is stronger than the case above quoted and it is noteworthy that counsel for appellant fail to cite the Colorado case to this court.

The Colorado case is *Coler* v. *Barth,* 48 Pac. 656. We quote from the opinion: "The trust deed provided that the sale should be made to the highest and best bidder for cash, this fact was announced by the trustee, both at the beginning and close of the bid according to the testimony of the witness for the defendant, which is denied by some of the witnesses for the plaintiff. If, however, there was no such announcement, still it was the rule by which the authority of the trustee was measured and under which the sale must be made and the deed of conveyance executed. Quillian for Hanna and Heisler for Barth nominally bid two hundred dollars more than Coler, to whom the trustee made the deed. Literally, in one sense, Coler was not the highest bidder, but it does not follow that he was not the highest and best bidder for cash. Where the power of sale provides that it be for cash, the trustee is not bound to bid off or sell to the one who

makes the highest bid, unless it is for cash and *bona fide,* he must exercise his sound judgment in determining who is the proper party entitled to the deed, and he may take time for that purpose.    If, through mistake, he strikes off the property to the wrong person or to one not in a position to comply, or by subsequent investigation, learn that the proper bid was not selected at the sale, he may nevertheless, in the exercise of a wise discretion and if it appears that substantial justice has been done and the rights of interested parties protected, select the proper person to whom, under the power by which he is acting, the sale should be made and the deed given.    Devl. on Deeds, par. 442; *Gray* v. *Veirs,* 33 Md. 18.    Here Quillian whose bid was the highest, refused to carry out his contract, while Coler stood ready to pay the full purchase price in cash.''

The agreed statement of facts in the record shows that Whatley, the highest bidder, was insolvent and the trustee could not therefore have forced payment of his, Whatley's bid.    And under the authorities above cited, he was acting within his discretion in making the deed to the highest and best bidder, which was Dunagin-Whitaker Company.

SMITH, C. J., delivered the opinion of the court.

Where the highest bidder at a foreclosure sale, made under a deed of trust, is given by the trustee until the following day in which to make good his bid, and then fails to do so, the trustee is without power to declare the person who made the next highest bid at the sale the purchaser of the property and execute to him a deed thereto.    In order to then sell the property, the trustee must readvertise it for sale as provided in the deed of trust.

The deed under which appellees claim title to the land in controversy is therefore void, and the judgment of the court below is reversed, and the cause dismissed.

*Reversed and cause dismissed.*